UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FELICIA DAVIS,

        Plaintiff,

v.                                 Case No:  2:17-cv-682-FtM-38CM

BOSTON SCIENTIFIC
CORPORATION,

        Defendant.
_____/

### OPINION AND ORDER[1]

      This matter comes before the Court on Defendant Boston Scientific Corporation's Motion to Dismiss (Doc. 7) and Plaintiff Felicia Davis' opposition thereto (Doc. 17). As explained below, the Court will dismiss without prejudice the Complaint as a shotgun pleading.

      This is a product liability suit. Eight years ago, Boston Scientific's Greenfield Vena Cava Filter was implanted in Davis to treat her pulmonary embolism. About six years later, she began to complain about pain and discomfort in her chest. This led to two hospitalizations in less than two years. It is Davis' position that the implant has caused her substantial injuries and health complications. She thus filed this suit in Florida state court, alleging strict liability, negligence, breach of warranty, consumer fraud, fraudulent misrepresentation and concealment, and negligent misrepresentation. (Doc. 2). Boston

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Scientific timely removed the case to this Court (Doc. 1) and moved to dismiss the Complaint for, among other things, being a shotgun pleading (Doc. 7).

Federal Rules of Civil Procedure 8 and 10 provide the minimum requirements for pleadings. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) further provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A problem arises when a plaintiff fails to follow the rules. One such problem is a "shotgun pleading." A common type of shotgun complaint is a pleading "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *See Vibe Micro, Inc. v. Shabanets*, No. 16-15276, 2018 WL 268849, at *2 (11th Cir. Jan. 3, 2018) (citations omitted). This is because, among other things, "[t]hey waste scarce judicial resources, 'inexorably broaden[] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[] the public's respect for the courts.'" *Id.* (citation omitted); *see also Weiland*, 792 F.3d at 1323 (stating [s]hotgun pleadings "in one way or another, [fail] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" (footnoted omitted)). Consequently, when faced with a shotgun pleading, a district court should require the plaintiff to file an amended complaint rather than allow the case to proceed to trial. *See Paylor v. Hartford Fire Ins.*

*Co.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing the district court for not policing shotgun pleadings).

Here, the Complaint is a typical shotgun pleading. Paragraphs 19 through 40 set out general factual allegations, while paragraphs 41 through 58 are "Plaintiff Specific Factual Allegations." (Doc. 2 at ¶¶ 19-58). Paragraphs 71 through 223 are divided into twelve counts, eleven of which Davis "repeats, reiterates, and re-alleges each and every allegation contained" in the Complaint. (Doc. 2 at ¶¶ 71, 82, 97, 103, 130, 147, 158, 166, 184, 204, 220). This is impermissible under the pleading requirements. *See Kendall v. Boston Scientific Corp.*, No. 6:17-cv-1888-Orl-37GJK, 2017 WL 6042020, at *2 (M.D. Fla. Dec. 6, 2017). Davis thus must file an amended complaint.

Accordingly, it is now **ORDERED**:

(1) Defendant Boston Scientific's Motion to Dismiss (Doc. 7) is **GRANTED**.

(2) The Complaint (Doc. 2) is **DISMISSED without prejudice**.

(3) Plaintiff Felicia Davis may file, on or before **January 23, 2018**, an amended complaint that remedies the deficiency identified in this Order. **Failure to file a timely amended pleading will result in the closing of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of January 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record